UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Matthews,<br><br>            Petitioner,<br><br>vs.<br><br><br>Levern Cohen,<br>            Respondent. | C/A No. 4:12-01407-MGL-TER<br><br><br><br>REPORT AND<br>RECOMMENDATION |

Petitioner, an inmate at Ridgeland Correctional Institution, has submitted a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2)(D.S.C.), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district judge. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, the district courts should review prisoner cases to determine whether they are subject to summary dismissal). For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

Background

On August 7, 2007, the Dorchester County Court of General Sessions sentenced Petitioner to ten years of imprisonment for the offense of criminal sexual conduct, first degree. ECF No.1, page 1. Petitioner did not file a direct appeal, but did file an application for post-conviction relief (PCR) on November 14, 2007, which was denied and dismissed on June 27, 2010. *Id.* at 2-3. Petitioner also filed a second PCR on April 25, 2011, which was denied and dismissed on February 20, 2012. *Id.* at 3-4. Petitioner has an appeal of the denial of his second PCR action currently pending in the

South Carolina Supreme Court. *Id.* at 11-12. Petitioner attaches to the petition a March 27, 2012, order from the South Carolina Supreme Court, denying *certiorari*. ECF No. 1-1. Because Petitioner's second PCR action remains pending , it appears the order denying *certiorari* is in reference to Petitioner's first PCR action.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

The instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 is subject to dismissal because Petitioner has not fully exhausted his state court remedies. The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Lawson v. Dixon*, 3 F.3d 743, 749-50 n. 4 (4th Cir. 1993). In *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), the United States Court of Appeals for the Fourth Circuit found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts . . . . To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Id.* at 911 (citations omitted), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)).[1]

In this case, Petitioner indicates that at least two of his grounds for habeas relief are unexhausted and that the denial of his second PCR action is currently being reviewed by a higher

---

[1] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

3

state court. ECF No. 1 at 11-12. Because it is clear from the face of the petition that the Petitioner has potentially viable state court remedies which have not been utilized, the United States District Court for the District of South Carolina should not keep this case on its docket while the Petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981)("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); *see also Pitchess v. Davis*, 421 U.S. 482, 490 (1975).[2] Dismissal of the present action, without prejudice, results in Petitioner having to continue the wait for state court review of his second PCR application.[3] However, an alternate ruling could leave Petitioner in a position where he is unable to challenge his currently unexhausted grounds for habeas relief in federal court.[3]

Recommendation

---

[2] To the extent Petitioner may be attempting to bring a "mixed petition" with both exhausted and unexhausted grounds for habeas relief, stay and abeyance of habeas petitions "should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The instant petition provides insufficient factual allegations to demonstrate that a stay, rather than dismissal without prejudice, is appropriate under *Rhines*. *Id.* at 277-78.

[3] Petitioner may dismiss his unexhausted grounds for habeas relief and move forward at this time with his one allegedly exhausted habeas claim. ECF No. 1 at 5-6. However, while § 2254 allows for the filing of successive petitions, leave to file such petitions must be granted by the Court of Appeals and is available only in certain limited circumstances. *See* 28 U.S.C. § 2244(b)(2). Thus, dismissal of Petitioner's unexhausted grounds for habeas relief at this time could foreclose his ability to bring such grounds in a future federal habeas petition.

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice.

IT IS SO RECOMMENDED.

July 10, 2012
Florence, South Carolina

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).