IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Matthews, ) | Civil Action No.: 4:12-1407-MGL |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Levern Cohen, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On May 31, 2012, Petitioner James Matthews ("Petitioner"), an inmate of the South Carolina Department of Corrections, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No.1.)  The case was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling and a Report and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02 (B)(2)(c)  for the District of South Carolina.  The Magistrate Judge issued a Report and Recommendation ("Report") on July 10, 2012, in which he determined that the petition should be dismissed without prejudice.  (ECF No. 13.)   Petitioner filed Objections to the Report and Recommendation on July 30, 2012. (ECF No. 18.)  For the reasons set forth herein, this Court adopts the Report and Recommendation and the Petition for Habeas Corpus relief is **DISMISSED** without prejudice**.**

**BACKGROUND AND PROCEDURAL HISTORY**

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part.  According to the Petition, Petitioner was sentenced to ten years of imprisonment for the offense of criminal sexual conduct, first degree, by the Dorchester County Court of General Sessions on August 7, 2007.  (ECF No. 1 at 1.)  Petitioner did not file a direct appeal.  On November 14,

2007, Petitioner filed a *pro se* application for post-conviction relief ("PCR"), which was denied and dismissed on June 27, 2010. He then filed a second PCR application on April 25, 2011, which was denied and dismissed on February 20, 2012. (ECF No. 1 at 2-4.) Petitioner appealed the denial of his second PCR application, and that action is currently pending before the South Carolina Supreme Court.[1] The Magistrate Judge recommends that the instant Petition should be dismissed without prejudice due to Petitioner's failure to fully exhaust his state court remedies. (ECF No. 13.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the Report. 28 U.S.C. § 636(b)(1). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Petitioner filed timely objections to the Magistrate Judge's Report and Recommendation. (ECF No. 18.) Petitioner objects to the Magistrate Judge's recommendation of dismissal because he contends that a dismissal would "place him in a situation where [the] statute of limitation would expire [on] exhausted claim(s) in this

---

[1] An Order from the South Carolina Supreme Court denying *certiorari* was attached to the Petition. (ECF No. 1-1.) This Order appears to be in reference to Petitioner's first PCR application.

action." (ECF No. 18 at 1.) Petitioner then discusses several issues he maintains are pending in the state court related to his participation in a community supervision program. (ECF No. 18 at 1-2.) Petitioner asserts that stay and abeyance should be applied to his appeal. (ECF No. 18 at 2.) Stay and abeyance, however, is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). This Court agrees with the Magistrate Judge that Petitioner failed to state, in either his Petition or objections, sufficient factual allegations demonstrating a stay is proper. Petitioner has failed to show "good cause" for failing to exhaust his state remedies under the standards of *Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner's objections fail to add any new arguments that would make this Court reject the Magistrate Judge's Report.

## CONCLUSION

The Court has carefully reviewed the objections made by Petitioner and has conducted the required *de novo* review. This court determines that the Magistrate Judge's recommended disposition is correct and the Report and Recommendation is incorporated herein by reference. Therefore, it is ORDERED that this petition is **DISMISSED** *without prejudice*.

## Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong

and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/Mary G. Lewis
United States District Judge

March 29, 2013
Spartanburg, South Carolina